**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| HERIBERTO GARCIA-PARRA,<br><br>**Plaintiff,**<br><br>v.<br><br>LUIS OCASIO, *et al*,<br><br>**Defendants.** | **CIVIL NO.** 26-1503 (RAM) |

**MEMORANDUM AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

On August 4, 2026, Plaintiff Heriberto Garcia-Parra ("Plaintiff" or "Mr. Garcia-Parra") filed a *pro se Complaint*. (Docket No. 2). Although Plaintiff's allegations are generally unintelligible, in essence Mr. Garcia-Parra seeks to assert his innocence in an unspecified criminal proceeding. Id. at 2. Plaintiff alludes to exonerating DNA records, discrimination, that the newspaper published the case before judgment of conviction, and ineffective assistance of counsel, among other issues. Id. 2-5.

The Court notes that Plaintiff is a prolific *pro se* filer. *See* Garcia-Parra v. Admin. de Correccion, Civil No. 1-1829-HL; Garcia-Parra v. Administracion de Correccion et al, Civil No. 6-2065-JP; Garcia-Parra v. Lopez et al, Civil No. 7-1696-JP; Garcia-Parra v. Lopez et al, Civil No. 8-1244-ADC; Garcia-Parra v.

Caribbean Petroleum Corporation et al, Civil No. 9-2148-FAB; Garcia-Parra v. Commonwealth of P.R. et al, Civil No. 8-1245-JAG; Garcia-Parra v. Correctional Health Service Corp. et al, Civil No. 13-1143-JAF; Garcia-Parra v. Administracion de Correccion et al, Civil No. 13-1144-FAB-MEL; Garcia-Parra v. Physician Correctional Co. et al, Civil No. 19-1998-FAB; Garcia-Parra v. Ramos-Gonzalez, Civil No. 23-1136-PAD; Garcia-Parra v. Supreme Court of Puerto Rico, Civil No. 24-1257-JAW; and Garcia-Parra v. Ocasio et al, Civil No. 26-1566-MAJ.

On September 16, the Court issued the following order: "[b]y October 16, 2026, Plaintiff Heriberto Garcia-Parra shall show cause why the complaint in this case should not be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6)." (Docket No. 11). **Plaintiff failed to comply with this order.**

28 U.S.C. § 1915(e)(2)(B) gives the Court the authority to dismiss a claim in forma pauperis on the grounds of it being either: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if "**lacks an arguable basis either in law or in fact**, one that contains either inarguable legal conclusions or fanciful factual allegations." Street v. Fair, 918 F.2d 269, 272-73 (1st Cir. 1990)

(citations omitted) (emphasis added). Also, "the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).

Additionally, District Court judges, in an exercise of the inherent authority to regulate their dockets, may rely upon Fed. R. Civ. P. 41 (b) when considering whether to involuntarily dismiss a case *sua sponte*. See García-Perez v. Hosp. Metropolitano, 597 F.3d 6, 7 (1st Cir. 2010); Malot v. Dorado Beach Cottages Assocs., 478 F.3d 40, 43 (1st Cir. 2007). The First Circuit has held that "a party's disregard of a court order is a paradigmatic example of extreme misconduct" which may warrant dismissal. Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005).

Upon reviewing Plaintiff's allegations, the Court is compelled to dismiss Plaintiff's *Complaint* for failing to state a claim for which relief can be granted. The *Complaint* is devoid of specificity and thus lacks any factual matter that can give rise to a claim. Furthermore, the Court has independent grounds to dismiss the current action in light of Plaintiff's failure to adequately comply with the Order at Docket No. 11. Thus, Plaintiff's *Complaint*

at Docket No. 2 is hereby **DISMISSED WITH PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 17th day of November 2026.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge